IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE WEEKS-KATONA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SCHELIA A. CLARK, ) <br> ) <br> Respondent. ) <br> _____ ) <br> ) <br> JANICE WEEKS-KATONA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> D.H. DREW, et al., ) <br> ) <br> Respondents. ) <br> _____ ) | No. C 07-3053 MMC (PR) <br><br> (Docket Nos. 78, 79) <br><br><br><br><br><br><br><br> No. C 09-1424 MMC (PR) <br><br> (Docket No. 8) <br><br> **ORDER DENYING MOTIONS TO REOPEN AND CONSOLIDATE ACTIONS; INFORMING PETITIONER THAT NO FURTHER DOCUMENTS WILL BE FILED IN THESE CLOSED CASES** |

Petitioner, a federal prisoner proceeding pro se, moves to reopen and consolidate the above two habeas corpus actions, both of which actions have been dismissed and the cases closed.

Specifically, in 2007, petitioner filed a habeas action under 28 U.S.C. § 2241, challenging her own conviction and sentence. The case was assigned to the Honorable Martin J. Jenkins who, on July 31, 2007, dismissed the petition, finding petitioner must bring her claims in the sentencing court, i.e., the Middle District of Florida, by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. See Weeks-Katona v. Clark, No. C 07-3053 MMC (PR) (Order, filed Jul. 31, 2007, at 2-3.) Subsequently, after

Judge Jenkins denied all of petitioner's post-judgment motions, including her request for a certificate of appealability, the record on appeal was transmitted to the Ninth Circuit. Recently, the Ninth Circuit denied both petitioner's request for a certificate of appealability and her motion for reconsideration of that denial. (Docket Nos. 76, 77.)

Petitioner moves to reopen case No. C 07-3053 on grounds that either are unintelligible, unsupported by the record or without legal merit. For example, she asserts the case should be reopened "for lack of jurisdiction in the subject matter sentencing court established in settlement process" because "[t]he matter of imprisonment for debt and tort is ripe for judgment" and "[t]here is no controversy." (Docket No. 78 ¶ 2). She further asserts the case should be reopened because respondent Warden Copenhaver has acknowledged that certain documents evidencing a "Ratification/ Assessment" of claims against petitioner in two tax cases brought against petitioner in the Middle District of Florida in March 2007 do not exist, and that the absence of such documents entitles her to habeas corpus relief. (Id. ¶¶ 5-6.) Additionally, she argues the case should be reopened because this Court, in ruling on a habeas action filed by another federal prisoner, "has set precedence for settlement by modifying the Judgment of a Sentencing Court via 28 U.S.C. § 2241," and that "extraordinary and compelling reasons" exist for the Court to consider petitioner's habeas claims. (Id. ¶ 8.) None of petitioner's arguments provide a basis for reopening case No. C 07-3053. Accordingly, the motion to reopen is hereby DENIED.

Petitioner also moves for "permissive joinder" and to consolidate case No. C 07-3053 with Weeks-Katona v. Drew, No. C 09-1424 MMC (PR), which action she also moves to reopen. In the latter case, petitioner sought to proceed with a federal habeas corpus petition under 28 U.S.C. § 2241 on behalf of her son, Jason Spencer Weeks, who, according to the allegations in the petition, was convicted, together with petitioner in 1994, in the United States District Court for the Middle District of Florida, of numerous federal offenses, including conspiracy, fraud, money laundering, transportation of stolen goods and the attempted murder of a United States officer or employee. By order filed April 17, 2009, the Court dismissed the petition on two grounds: (1) petitioner had not established that she was

entitled to appear as a next friend on her son's behalf, and (2) Jason Spencer Weeks both was convicted and is confined in the Middle District of Florida, and, consequently, this Court does not have jurisdiction either over him or his custodian for the purpose of ruling on the validity of the 1994 conviction and sentence.  (Order of Dismissal, filed Apr. 17, 2009, at 2:14-22.)  In support of her motion to reopen the action, petitioner asserts that her son is unable to represent himself because he has "Stockholm Syndrome," has suffered a stroke, and has cancer.  (Docket No. 8 ¶ 1.)

Petitioner's motion to reopen is hereby DENIED.  Even if petitioner's son suffers from infirmities that render him unable to pursue a federal habeas corpus action, and petitioner could establish that she is entitled to appear as a next friend on his behalf, this Court, as previously explained to petitioner, does not have jurisdiction over either petitioner's son or his custodian for the purpose of ruling on the validity of the 1994 conviction and sentence obtained in the Middle District of Florida, which is also the federal judicial district where petitioner's son is confined.  In sum, any request for next friend status must be filed by petitioner in that district.

As the Court has denied petitioner's motions to reopen the instant actions, petitioner's motions, filed in case No. C 07-3053, for "permissive joinder" and consolidation of those actions is also DENIED.

Finally, in view of the Court's rulings herein, petitioner is now informed that the Court will not entertain any further requests for relief from petitioner in either of the instant closed actions.

This order terminates Docket Nos. 78 and 79 in case No. C 07-3053, and Docket No. 8 in case No. C 09-1424.

IT IS SO ORDERED.

DATED: August 12, 2009

MAXINE M. CHESNEY
United States District Judge

3